# PD-1553-15

PD-1553-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/30/2015 7:11:01 PM
Accepted 12/1/2015 2:35:55 PM
ABEL ACOSTA
CLERK

No._____

## IN THE

## COURT OF CRIMINAL APPEALS

FROM THE SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
No. 07-15-00302-CR

ORVIL MELTON WEDDEL
Petitioner (Appellant )

v.

STATE OF TEXAS
Respondent (Appellee)

From the 47TH District Court, RANDALL COUNTY, TEXAS
HONORABLE DAN SHAAP, JUDGE PRESIDING
Cause No. 24,924-A

## PETITION FOR DISCRETIONARY REVIEW

ORAL ARGUMENT REQUESTED

FILED IN
COURT OF CRIMINAL APPEALS

December 1, 2015

ABEL ACOSTA, CLERK

ANGELA J. MOORE
310 S. St. Mary's, suite 1830
San Antonio, Texas 78205
210-227-4450 office
210-364-0013 cell
Amoorelaw2014@gmail com
SBN 14320110
ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 38.1(a) (20), the parties to this suit are as follows:

(1)   ORVIL MELTON WEDDEL, 6402 Ridgewood, Amarillo, Texas 79109, is the APPELLANT/PETITIONER and was the Defendant/Applicant in the trial court.

(2)   The STATE OF TEXAS, by and through the Randall County District Attorney's Office, 2309 Russell Long Blvd., Suite 120, Canyon, Texas 79015, is the Appellee and prosecuted this case in the trial court. The trial attorneys were as follows:

(1)   APPELLANT/PETITIONER was represented by Paul Herrmann, SBOT# 09541810, 320 South Polk, Suite 902, Amarillo, Texas 79101.

(2) The STATE OF TEXAS was represented by Robert Allen Love, II, Randall County Assistant District Attorney, 2309 Russell Long Blvd., Suite 120, Amarillo, Texas 79015.

The appellate attorneys are as follows:

(1) Orvil Melton Weddel is represented by ANGELA J. MOORE, SBN #14320110, Tower Life Building, 310 S. St. Mary's Street, Suite 1830, San Antonio, Texas 78205.

(2) The STATE OF TEXAS is represented by James A. Farren, Randall County Assistant District Attorney, 2309 Russell Long Blvd., Suite 120, Amarillo, Texas 79015.

(3) The trial judge was HON. DAN SCHAAP, 47TH District Court, Randall County, Texas

# TABLE OF CONTENTS

Identity of Parties and Counsel ......................................................................... ii

Table of Contents ............................................................................................... iv

Table of Authorities .......................................................................................... vi

I. Statement Regarding Oral Argument ........................................................... 1

II. Procedural History ....................................................................................... 1

III. Statement of the Case ................................................................................ 2

IV. Sole Ground for Review Presented ............................................................. 4

> SOLE GROUND FOR REVIEW: The Court of Appeals erroneously failed to apply the Texas Government Code to its analysis of Tex. Pen. Code § 12.01, by not considering extra-textual information in its review of 12.01, *inter alia*, by overlooking SB 1969, a "clean up" provision designed to change the statute of limitations for Indecency with a child to "no limitation, "and the legislative comment in the bill analysis? ................................................................................................... 4

IV. Statement of Facts ...................................................................................... 4

VI. Argument and Authorities .......................................................................... 7

Conclusion and Prayer .................................................................................... 20

Certificate of Service ...................................................................................... 21

Certificate of Compliance ............................................................................... 21

Appendix A.................................................................................... 22

Appendix B.................................................................................... 23

# TABLE OF AUTHORITIES

**Cases**

*Allen v. State*, 11 S.W.3d 474, 476 (Tex. App.-Dallas 2000) .................. 19

*Baggett v. State*, 673 S.W.2d 908, 911-12 (Tex. App. –Beaumont 1984) 16

Ex parte Hargett, 819 S.W.2d 948, 950 (Tex. Crim. App. 1991).............. 7

*Ex Parte Lovings*, No. 14-15-00425-CR, 2015 WL 7456056, at *3 (Tex. App.-Houston [14th District] Nov. 24, 2015) ........................................... 12

*Ex Parte Lovings*, No. 14-15-00425-CR, 2015 WL 7456056, at *4 ......... 11

*Ex parte Perez*, 398 S.W.3d 206, 218-19 (Tex. Crim. App. 2013) ........... 13

*Ex parte Tamez*, 38 S.W.3d 159 (Tex.Crim.App. 2001) ........................... 17

*Hernandez v. State*, 127 S.W.3d 768, 772 (Tex.Crim.App.2004)............. 12

Lindsey v. State, 760 S.W.2d 649 (Tex.Crim.App.1988) ........................ 18

*Nguyen v. State*, 359 S.W.3d 636, 641 (Tex.Crim.App.2012) .................. 11

*State v. Drummond*, No. 01–14–00962–CR, —— S.W.3d ——, ——, 2015 WL 4967047, *2 (Tex.App.–Houston [1st Dist.] Aug. 20, 2015, pet. filed)...................................................................................................... 12

*State v. Vasilas*, 187 S.W.3d 486, 488 (Tex. Crim. App. 2006)............... 11

*Toussie v. United States*, 397 U.S. 112, 114–15, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970) .................................................................................. 12

*United States v. Tavarez–Levario*, 788 F.3d 433, 437 (5th Cir.2015)) .... 12

*Weddel v. State*, No. 07-15-00302-CR, 2015 WL 6522868, at *2 (Tex. App. Oct. 28, 2015)................................................................................... 1, 8

*White v. State,* 440 S.W.2d 660, 664 (Tex. Crim. App. 1969) .................. 16

*Williams v. State,* 965 S.W.2d 506, 507 (Tex.Crim.App.1988) ................ 11

**Statutes**

2007 Tex. Sess. Law Serv. Ch. 285 (H.B. 716) ............................................. 14

2007 Tex. Sess. Law Serv. Ch. 640 (H.B. 887) ............................................. 14

2007 Tex. Sess. Law Serv. Ch. 841 (H.B. 959) ............................ 14, 19, 20

TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998) ........................................ 19

TEX. GOVT CODE § 311.025(d), (e) .................................................................. 20

TEX. GOVT CODE §311.025 ........................................................................ 5, 20

Tex. Pen. Code § 12.01 ................................................................................ 4, 6

TEX. PENAL CODE §21.11(a)(1), (c)(1) ........................................................... 4

TEX. PENAL CODE §21.11 (a)(1) ..................................................................... 3

TEX. R. APP. P. 68 .......................................................................................... 1

TEX. R. APP. P. 38.1(a) (20) .......................................................................... ii

Tex. Sess. Law Serv. Ch. 593 (H.B. 8) ................................................ 14, 19

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, Orvill Melton Weddel, Appellant, by and through his attorney of record, Angela J. Moore, and pursuant to the provisions of TEX. R. APP. P. 68, et seq., files Petition for Discretionary Review. This is an appeal of a denial of a pretrial writ of habeas corpus alleging the statute of limitations bars prosecution of these offenses. The Court of Appeals affirmed the trial court's denial of the writ. *Weddel v. State*, No. 07-15-00302-CR, 2015 WL 6522868, at *2 (Tex. App. Oct. 28, 2015).

## I. STATEMENT REGARDING ORAL ARGUMENT

Petitioner waives oral argument for this Petition, expecting to request oral argument should the merits of his case reach this Court.

## II. PROCEDURAL HISTORY

Appellant filed an Application for Pre-trial Writ of Habeas Corpus and Motion to Dismiss. After notice to all parties, the Court held a hearing on May 26, 2015. During the hearing, the Court received evidence and arguments from the attorneys for Appellant and Respondent. The parties agreed to a stipulation of certain facts, filed

1

June 10, 2015 with the district court. (CR-52)[1]. After considering all the evidence and the arguments of counsel, the trial court heard and denied the writ, and issued its findings of fact and conclusions of law on July 24, 2015. (CR-742). Appellant timely filed notice of appeal, and the Seventh Court of Appeals affirmed his conviction in cause number 07-15-00302-CR, delivered October 28, 2015. (Attached as Appendix A). This timely petition follows.

## III. STATEMENT OF THE CASE

Mr. Weddel is charged with a second-degree felony of indecency with a child, by touching the child Jaclyn Taylor's genitals on or about July 1 and June 29, 1989. Mr. Weddel has been indicted in the 47st District Court, Randall County, Texas, with the offenses of, Court I (in pertinent part): on or about the 1st day of July, 1989, and anterior the presentment of the indictment Mr. Weddel did then and there, with intent to arouse or gratify the sexual desire of Mr. Weddel, intentionally or knowingly engage in sexual contact with Jaclyn Taylor by touching

---

[1] Counsel for a Appellant will refer to the clerk's record as "CR" and the Reporter's Record as "RR."

the genitals of J.T., a child younger than 17 years of age, and not then the spouse of Mr. Weddel. TEX. PENAL CODE §21.11 (a)(1).

In Count II (in pertinent part): on or about the 29th day of June, 1989, anterior to the presentment of this indictment, that Mr. Weddel did then and there, with intent to arouse or gratify the sexual desire of Mr. Weddel, in intentionally or knowingly engage in sexual contact with Jaclyn Taylor, by touching the genitals of J.T., a child younger than 17 years of age, and not then the spouse of Mr. Weddel. TEX. PENAL CODE §21.11 (a)(1).

TEXAS PENAL CODE §21.11 (a)(1) provided in 1989 that: (a) a person commits an offense if, with a child younger than 17 years of age, where the child is of the same or opposite sex, the person: (1) engages in sexual contact with the child or causes the child to engage in sexual contact; TEX. PENAL CODE 21.11 (a)(1).

Sexual contact means the following acts if committed with the intent to arouse or gratify the sexual desire of any person: any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child. This offense is a felony of the second

3

degree. See TEX. PENAL CODE §21.11(a)(1), (c)(1). Appellant was not indicted until January 20, 2014. (CR-6).

## IV. SOLE GROUND FOR REVIEW PRESENTED

SOLE GROUND FOR REVIEW: The Court of Appeals erroneously failed to apply the Texas Government Code to its analysis of Tex. Pen. Code § 12.01, by not considering extra-textual information in its review of 12.01, *inter alia*, by overlooking SB 1969, a "clean up" provision designed to change the statute of limitations for Indecency with a child to "no limitation, "and the legislative comment in the bill analysis?

The question before this Honorable Court of Appeals is: whether the Court of Appeals erred in holding the prosecution of Appellant with the offense of indecency with a child by contact became barred by limitation before the effective date of the Act extending the limitations period to "no limitation" or does the "18 years of age plus 10 years" limitation period of limitation already in effect, control?

## IV. STATEMENT OF FACTS

A. Stipulations as to Evidence by the Parties (CR-52). These are set out in full in the Clerk's Record below and summarized in the Court of Appeals opinion.

B. The Pretrial Hearing on the Writ of Habeas Corpus (RR).

4

The trial court held a hearing on Appellant's Pretrial Writ of Habeas Corpus on May 26, 2015. No witnesses were called. At the hearing, the parties stipulated to the factual issues that had to be determined for purposes of applying the law in the case and entered those stipulations into evidence. (RR-6). The trial court took judicial notice of the indictment. (RR-7). Appellant's counsel discussed and explained the arguments and analysis that were presented in the writ. (RR- 9). The State argued that each of the four bills presented by Appellant (Exhibits A-D, appearing in the CLERK'S RECORD),[2] "covered a wide area of statutes" and relying on TEX. GOV'T CODE § 311.025 (THE CODE CONSTRUCTION ACT) argued that the four different amendments to the statute of limitations for indecency with a child, passed during the same legislative session, are capable of being harmonized. (RR-11). The State argued that one amendment was regarding "the banking industry" that had "no impact on the sex offender offenses." The State argued further, that another amendment

---

[2] Appellant notes that reference was not made to the clerk's record for every Bill discussed in the brief below because Appellant set out the pertinent parts of the Bills to be analyzed in full in the body of the brief. Appellant believed such citation would be redundant.

5

discussed injury to a child, and yet another discussed credit and financial applications. (RR-12).

Confusingly, the State made this conclusory argument in its brief below without any deference to the analysis required by Section 311.025 of the Texas Government Code and other rules of statutory construction and interpretation, long used by Texas jurisprudence.

Appellant's counsel pointed out to the Court of Appeals, a change in Article 12.01 of the Code of Criminal Procedure passed in the 2009 legislative session SB 1969, which fixed the irreconcilable differences in the four bills passes in the 2007 legislative session. This last change in the statute was ignored by the Court of Appeals opinion below. The lower appellate court confuses bills, which are passed for cleaning up irreconcilable differences, with bills, which merely republish text as required by the Texas Constitution.

## SOLE GROUND FOR REVIEW (Restated).

SOLE GROUND FOR REVIEW: The Court of Appeals erroneously failed to apply the Texas Government Code to its analysis of Tex. Pen. Code § 12.01, by not considering extra-textual information in its review of 12.01, specifically by overlooking SB 1969, a "clean up" provision designed to change the statute of limitations for Indecency with a child to "no limitation, "and the legislative comment in the bill analysis?

The question before this Honorable Court of Appeals is: whether the Court of Appeals erred in holding the prosecution of Appellant with the offense of indecency with a child by contact became barred by limitation before the effective date of the Act extending the limitations period to "no limitation" or does the "18 years of age plus 10 years" limitation period of limitation already in effect, control?

## VI. ARGUMENT AND AUTHORITIES

A.  Appellant filed a Pretrial Writ of Habeas Corpus that was denied by the trial court based on an incorrect analysis of the applicable statute of limitations for the offenses alleged in this case. An appeal from a trial court's ruling on a pretrial writ of habeas corpus will lie in the court of appeals' district in which the trial court is located.  A defendant's appeal is restricted to situations where the trial court held a hearing on the merits and denied relief. *Ex parte Hargett*, 819 S.W.2d 948, 950 (Tex. Crim. App. 1991).  The Court of Appeals reviewed Appellant's claim and affirmed the trial court, denying Appellant's Writ of Habeas Corpus.  The question before the Court of Appeals was: whether the prosecution of the offense of indecency with a child by contact became barred by limitation before the effective date of the Act

7

extending the limitations period to "no limitation" or does the "18 years of age plus 10 years" limitation period of limitation already in effect, control?

The Court of Appeals found that "Different provisions of the same statute were amended in different ways by the house bills in question. Given that the text of the statute reenacted (per constitutional edict) by the legislature to manifest the changes is not indicative of the legislature's intent, according to § 311.025(c), we find no irreconcilable conflict between House Bills 8, 956, 716, and 887." *Weddel v. State,* No. 07-15-00302-CR, 2015 WL 6522868, at *2 (Tex. App. Oct. 28, 2015).

## B. ERRORS IN THE COURT OF APPEALS OPINION

In this case, the Seventh Court of Appeals explained their rationale, which began with a misleading premise. The Court of Appeals found that it did not have the situation before it, which involved the passage of multiple bills during the same legislative session amending the identical portions of a pre-existing statute in ways that say different things, as Appellant contends. *Weddel v. State,* No. 07-15-00302-CR, 2015 WL 6522868, at *2 (Tex. App.-San Antonio Oct. 28, 2015). Instead, the Court of Appeals found

8

that the legislature passed multiple bills amending different *subparts* of the same statute, and the Texas Constitution required the manner through which they did it. (emphasis added). *Id.* In other words, both the Court of Appeals and the State believe that the legislature only intended to add new offenses in the other bills passed during the legislative session, and not change the statute of limitations. That is, that the Legislature only intended HB 8 to change the statute of limitations to no "limitation" for Indecency with a child controls.

This finding plucks out the statute of limitations most favorable to the State, contrary to case law construing statute of limitation analysis, and pays no attention to the other bills, which included interlineations and additions to section 12.01. Relying on *Rhoades*, the Court of Appeals found: 1) the bills involved different aspects of the same statute, 2) amendments to the same statute during the same session had to be harmonized if possible, and 3) the text of a statute reenacted per art. III, § 36 of the Texas Constitution generally is not considered when attempting to harmonize the bills, and there, the Court of Criminal Appeals held

that there was no irreconcilable conflict between the two bills. *Rhoades v. State*, 934 S.W.2d at 122, *quoting* TEX. GOV'T CODE ANN. § 311.025(b) & (c) (West 2013). The Court of Appeals found no irreconcilable conflict between House Bills 8, 956, 716, and 887, and concluded that the Legislature was only reenacting the prior language to comply with the Texas Constitution. *Weddel*, 2015 WL 6522868, at *2.

The Court of Appeals' opinion repeats the State's argument below fails to mention the bill analysis for Senate Bill 1969, cited by Appellant that is paramount in legislative intent analysis. Discussion of the "clean up" bill, SB 1969 bill analysis, and an explanation reconciling Bill 1969 with the prior bills under discussion, is tellingly absent in the Court of Appeals' decision. The change in the statute of limitations for indecency with a child which extended the time to no limitation, stated on its face that it was to go into effect until September 1, 2007, pursuant to 2007 Tex. Sess. Law Serv. Ch. 593 (**H.B. 8**). The other bill passed during the same 2007 session, also to go into effect on September 1, 2007, stated the statute of limitations was 18 years of age plus ten years pursuant to 2007 Tex. Sess. Law Serv. Ch. 841 (**H.B.**

959). These are different statute of limitations passed in the same session which conflict. The latest Bill passed controls. The courts are also guided by the maxim of *expressio unius est exclusio alterius,* which means the expression of one thing implies the exclusion of the other. *See Williams v. State,* 965 S.W.2d 506, 507 (Tex.Crim.App.1988). The maxim is not a rule of law but rather a tool for discerning legislative intent. *See id.* *Ex Parte Lovings,* No. 14-15-00425-CR, 2015 WL 7456056, at *4.

## C. THE COURT OF APPEALS MISCONSTRUED THE RULES OF STATUTORY CONSTRUCTION

Statutory interpretation is a question of law which the Court reviews *de novo. Nguyen v. State,* 359 S.W.3d 636, 641 (Tex.Crim.App.2012). The construction to be given a statute is a question of law. *State v. Vasilas,* 187 S.W.3d 486, 488 (Tex. Crim. App. 2006).

Statutes of limitations protect those accused of an offense " 'from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past.' "

11

*Hernandez v. State*, 127 S.W.3d 768, 772 (Tex.Crim.App.2004) (quoting *Toussie v. United States*, 397 U.S. 112, 114–15, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970), *superseded by statute on other grounds as recognized in United States v. Tavarez–Levario*, 788 F.3d 433, 437 (5th Cir.2015)). Statutes of limitations are construed strictly against the State and liberally in favor of the defendant. *State v. Drummond*, No. 01–14–00962–CR, —— S.W.3d ——, ——, 2015 WL 4967047, *2 (Tex.App.–Houston [1st Dist.] Aug. 20, 2015, pet. filed) (citing *Gallardo v. State*, 768 S.W.2d 875, 880 (Tex.App.–San Antonio 1989, pet. ref'd). *Ex Parte Lovings*, No. 14-15-00425-CR, 2015 WL 7456056, at *3 (Tex. App.-Houston [14th District] Nov. 24, 2015). These jurisprudential warnings express precisely the significant burdens that Mr. Weddel must carry. Nearly thirty years after the alleged events took place, the complainant, now a middle-aged woman, claims Appellant touched her, and her life problems are a result of that incident. The complainant, while her life's problems may have been difficult, as are every human being's, justice should not allow such a length of time to pass. The State constantly relies on laches to prevent an applicant from raising stale claims, which should also apply equally to a complainant. "Given

the nature of habeas corpus relief, it is reasonable to permit a court to consider whether an applicant has slept on his rights and, if he has, how that has affected the State, and whether, in light of the delay, it is fair and just to grant him relief. In cases in which an applicant's delay has been excessive, in general, it is more likely that the State will be able to show it has been prejudiced by the delay and that an applicant will face a difficult task to show why his application should not be barred by laches." *Ex parte Perez*, 398 S.W.3d 206, 218-19 (Tex. Crim. App. 2013). Here however, Mr. Weddel must defend himself against allegations brought forward after decades have passed, and may be convicted by the sole word of a very sad woman whose "memories" were resurrected due to her marriage failing. The State and appellate courts also rely on "finality of a conviction" to create obstacles for any post conviction relief. The courts should not allow such an abuse of legislative intent to occur. The Appellant should have some finality in defending against decades old allegations with no other support but one person's complaint.

The critical change in the statute of limitations to extend the time to "no limitation," did not go into effect until September 1, 2007, pursuant

13

to 2007 Tex. Sess. Law Serv. Ch. 593 (H.B. 8), enacted May 18, 2007.

Three other bills were passed during the same 2007 session, which stated

the statute of limitations was 18 years of age (of the complainant) plus

ten years for indecency with a child:

  (1)   2007 Tex. Sess. Law Serv. Ch. 841 (H.B. 959), enacted
        May 23, 2007;

  (2)   2007 Tex. Sess. Law Serv. Ch. 285 (H.B. 716), enacted
        May 15, 2007; and

  (3)   2007 Tex. Sess. Law Serv. Ch. 640 (H.B. 887), enacted
        May 21, 2007.

Each bill became effective September 1, 2007. As a result, *there are*

*different statute* of limitations passed in the same session which conflict,

contrary to the Court of Appeals decision.

In the 2009 Regular Session, Senate Bill 1969 passed and noted

all four conflicting bills and passed legislation to "clean up" these

differences. The bill noted "Article 12.01, Code of Criminal Procedure,

as amended by Chapters 285 (H.B. 716), 593 (H.B. 8), 640 (H.B. 887),

and 841 (H.B. 959)" as the premise for the "clean up bill," SB 1969.

Appellant argued below the bill itself references the four bills, which

were passed in the previous legislative session, in Appellant's Pre-trial

Writ of Habeas Corpus. Senate Bill 1969 noted that the prior "Acts of

the 80th Legislature, Regular Session, 2007, is reenacted and amended

14

to read as follows." All four bills were thus reenacted, and the changes made by additions and deletions by strikeout, appear in the latest SB 1969, evidencing the legislature's intent to then amend article 12.01 to "no limitation" as the statute of limitations period for indecency with a child. If no need existed for clearing up the irreconcilability, the Legislature would not have needed to pass SB 1969, and would not have done so. This "clean up" provision clearly clarifies the irreconcilable application of the different statute of limitations from the previous legislative session.

This "clean up" 1969 bill specifically notes in its caption the purpose of the bill, and strikes out the prior indecency with a child provision in the statute as follows:

(6)(5) ten years from the 18th birthday of the victim of the offense:

(A) indecency with a child under Section 21.11(a)(1) or

It is clear that the subsequent bill SB 1969 is the legislation that provides for a clear legislative intent to enlarge the statute of limitations to no limitation. (Appendix B contains the pertinent portions of the lengthy bill, pages 52-56). If the Legislature had intended for the prior bill's language of "no limitation" to have controlled over the other

prior bills, then the strike out in SB1969 would have read "no limitations".

Of particular note, is the Senate Bill analysis published by the Texas Senate Research Center for SB 1969. The bill analysis includes language that the purpose of the bill is "eliminating repealed, invalid, duplicative, and other ineffective provisions, and improving the draftsmanship of the law, if practicable all toward promoting the stated purpose of making the statutes 'more accessible, understandable, and usable' without altering the sense, meaning, or effect of the law."

This provision clarifies the irreconcilable application of the different statute of limitations from the previous legislative session. The purpose of constitutional provision Art. III, Sec. 36, was to prohibit the practice of amending a statute by referring to its title, and then providing that it should be amended by striking out or deleting certain words and phrases and then inserting new words and phrases, so as to give the notice to the public. A bill or statute, in other words, should be re-enacted and published at length when amended. *Baggett v. State*, 673 S.W.2d 908, 911-12 (Tex. App. –Beaumont 1984). In *White v. State*, 440 S.W.2d 660, 664 (Tex. Crim. App. 1969), it was noted that the

purpose of the provision was to "give fair notice within itself and a reading must reasonably forewarn of the subject of the statute". Consequently, the State of Texas has failed to present a valid indictment, which is jurisdictional, within the statute of limitation, and the indictment must be dismissed with prejudice. The indictment does not reflect on its face the basis for pleading outside the statute of limitation.

The prior limitation period, the age of the complainant, 18 years' plus ten years controls. Therefore, the statute of limitations was extended from July 1, 1999 to December 16, 2007 (complainant's 18th birthday, December 16, 1997, plus ten years). Appellant was not indicted until January 20, 2014. (CR-6). An inspection of the face of the indictment reveals that the statute of limitation bars any further proceedings in this case, and that the writ of habeas corpus is the proper remedy for the Defendant to seek relief thereunder. *See Ex parte Tamez*, 38 S.W.3d 159 (Tex.Crim.App. 2001). Consequently, the State of Texas has failed to present a valid indictment within the statute of limitations, and the indictment must be dismissed with prejudice.

Appellant's asserts that the latest Bill passed (H.B. 959) controls. The following two bills, HB 887 and HB 716, likely fall into the category that is described in Section 311.025(c), which provides, in determining whether amendments are irreconcilable, text that is reenacted because of the requirement of Article III, Section 36, of the Texas Constitution is not considered to be irreconcilable with additions or omissions in the same text made by another amendment. H.B. 959 was not just reenacted to comply with the Texas Constitution.

The Legislature may extend the statute of limitations for prosecution of a criminal offense after the offense has been committed but before the expiration of original limitations period. *Lindsey v. State*, 760 S.W.2d 649 (Tex.Crim.App.1988). In the instant case, since the prior statute of limitations (July 1, 1999) had not expired on the effective date of September 1, 1997, the statute of limitations was extended to 18 years of age of the complainant plus ten years from her birthday. Therefore, the statute of limitations was extended from July 1, 1999 to December 16, 2007 (Jaclyn's 18th birthday, December 16, 1997, plus ten years).

The change in the statute of limitations for indecency with a child which extended the time to no limitation, stated on its face that it was to go into effect until September 1, 2007, pursuant to 2007 Tex. Sess. Law Serv. Ch. 593 (H.B. 8). The other bill passed during the same 2007 session, also to go into effect on September 1, 2007, stated the statute of limitations was 18 years of age plus ten years pursuant to 2007 Tex. Sess. Law Serv. Ch. 841 (H.B. 959). These are different statute of limitations passed in the same session which conflict. The latest Bill passed controls.

In addition, THE CODE CONSTRUCTION ACT allows consideration of extra-textual factors without requiring ambiguity in the text of the statute. See TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998) (allowing consideration of statutory construction aids whether or not the statute is considered ambiguous on its face). Because the parties take polar opposite positions here, the courts are free to apply the CODE CONSTRUCTION ACT in reviewing a statute of limitations issue. *Allen v. State*, 11 S.W.3d 474, 476 (Tex. App.-Dallas 2000) aff'd, 48 S.W.3d 775 (Tex. Crim. App. 2001).

Thus, we must look at the dates the two conflicting amendments were enacted, and the last amendment enacted will prevail. TEX. GOVT CODE § 311.025(d), (e). Under this analysis, 18 years of age plus ten years--2007 Tex. Sess. Law Serv. Ch. 841 (H.B. 959) enacted May 23, 2007, controls.

## Conclusion and Prayer

WHEREFORE, PREMISES CONSIDERED, the Appellant, prays the Court of Appeals uphold this point of error, reverse the judgment and render an acquittal, or for such other relief as justice may require.

Respectfully submitted,

ANGELA MOORE
SBOT # 14320110
310 S. St. Mary's Suite 1830
San Antonio, Texas 78205
210-364-0013
amoorelaw2014@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Appellant's Petition for Discretionary Review was delivered to the Bexar County District Attorney's Office, Appellate Section, 101 W. Nueva, Elizondo Tower, San Antonio, Texas 78205, on November 30, 2015.

The State prosecuting Attorney, P.O. Box 12405, Austin, Texas 78711 and the Appellant via US certified mail, also on that date.

ANGELA J. MOORE
ATTORNEY FOR PETITIONER

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4 (h)(i)(2)(B) this Petition for Discretionary Review to the Court of Criminal Appeals does not exceed the word count length of 4500 words.

On this 30th day of November ,2015.

ANGELA MOORE
SBOT # 14320110
310 S. St. Mary's Suite 1830
San Antonio, Texas 78205
210-364-0013
amoorelaw2014@gmail.com

## Appendix A

COURT OF APPEALS OPINION IN WEDDEL V. STATE,

FROM THE SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
No. 07-15-00302-CR

**2015 WL 6522868**
Only the Westlaw citation is currently available.

SEE TX R RAP RULE 47.2 FOR DESIGNATION
AND SIGNING OF OPINIONS.

DO NOT PUBLISH.
Court of Appeals of Texas,
Amarillo.

Orvil Melton Weddel, Appellant
v.
The State of Texas, Appellee

No. 07–15–00302–CR | October 28, 2015

On Appeal from the 47th District Court, Randall
County, Texas, Trial Court No. 24,924–A, Honorable
Dan L. Schaap, Presiding

**Attorneys and Law Firms**

Angela Moore, for Orvil Melton Weddel.

James A. Farren, Warren L. Clark, for The State of Texas.

Before QUINN, C.J., and CAMPBELL and HANCOCK,
JJ.

## MEMORANDUM OPINION

Brian Quinn, Chief Justice

*1 Before this court pends an appeal by Orvil Melton
Weddel from an order denying his pre-trial application for
writ of habeas corpus. The writ was sought in effort to
stop his criminal prosecution for two counts of indecency
with a child by sexual contact under § 21.11(a)(1) of the
Texas Penal Code. Allegedly, the applicable statute of
limitations barred the prosecution. Again, the trial court
disagreed and ordered that the application for the writ be
denied. We affirm.

Per the indictment issued in February of 2014, the State
alleged that the acts of indecency occurred on June 29,

1989 and July 1, 1989. The parties stipulated that the
victim was born on December 16, 1979; consequently,
she would have been approximately ten years old when
the crimes purportedly happened. According to appellant,
limitations had expired by the time he was indicted.

Effective September 1, 2007, the statute of limitations
applicable to indecency with a child was changed from
ten years after the 18th birthday of the victim to "no
limitation." Act of May 28, 2007, 80th Leg., R.S., ch. 593
§ 1.03, 2007 Tex. Gen. Laws 1120, 1121 (H.B.8)
(codified at TEX.CODE.CRIM. PRO. Art. 12.01(E)). No
one disputes that as of the effective date of the 2007
change (*i.e.* September 1, 2007), limitations had not
expired. Nor does anyone deny that limitations for a
previous crime may be extended by the legislature as long
as it has not expired. *See Lindsey v. State,* 760 S.W.2d
649, 653 (Tex.Crim.App.1988). So, unless the 2007
amendment is rendered somehow invalid, limitations did
and does not bar prosecution of the allegations at bar. But,
appellant contends that the amendment was invalid.

The invalidity supposedly arose in conjunction with four
bills being passed by the 80th Legislature in 2007. Each
amended art. 12.01 of the Code of Criminal Procedure.
For instance, through H.B. 716, the legislature dealt with
limitations applicable to the crime of uttering a false
statement to obtain property or credit and money
laundering. Act of May 28, 2007, 80th Leg., R.S., ch. 285
§ 6, 2007 Tex. Gen. Laws 555, 559. Via H.B. 8, the
legislature dealt with the crime of indecency with a child
and decided to assign "no limitations" period to it. Act of
May 28, 2007, 80th Leg., R.S., ch. 593 § 1.03, 2007 Tex.
Gen. Laws 1120, 1121. H.B. 887 encompassed the
limitations period applicable to credit or debit card abuse,
false statement to obtain property or credit, and fraudulent
use or possession of identifying information, Act of May
28, 2007, 80th Leg., R.S., ch. 640 § 1, 2007 Tex. Gen.
Laws 1215, 1216. H.B. 887 was enacted on May 21,
2007, while H.B. 959 concerned limitations *viz* the crime
of injury to a child. Act of May 28, 2007, 80th Leg., R.S.,
ch. 841 § 1, 2007 Tex. Gen. Laws 1750, 1751.

*2 In making each change through each bill, the
legislature set forth the entire body of art. 12.01 as it
existed before the legislative session began. Then, the
amendments were manifested through interlineations and
underlines. Such manner of amending a statute was and is
required to the Texas Constitution. *See* TEX. CONST. art.
III § 36 (West 2007) (stating that "[n]o law shall be

revived or amended by reference to its title; but in such case the act revived, or the section or sections amended, shall be re-enacted and published at length"); *Rhoades v. State*, 934 S.W.2d 113, 121 (Tex.Crim.App.1996) (stating that to amend a statute, the legislature must take the text of the statute as it was prior to the amendment and indicate changes by interlineating modifications onto the text of that statute). Because this mode of changing the statute did not reflect the other amendments encompassed by each bill, appellant argues that an irreconcilable conflict somehow arose which rendered the last bill passed by the legislature, that is, H.B. 956, the only one valid. And, H.B. 956 just happened not to mention anything about removing the limitations period applicable to the crime of indecency with a child.

We do not have before us a situation involving the passage of multiple bills during the same legislative session amending the identical portions of a pre-existing statute in ways that say different things. Instead, the legislature passed multiple bills amending different subparts of the same statute, and the manner through which they did it was required by the Texas Constitution. This circumstance is no different than that in *Rhoades* where two different bills passed during the same legislative session amended different aspects of the same statute. Because 1) the bills involved different aspects of the same statute, 2) amendments to the same statute during the same session had to be harmonized if possible, and 3) the text of a statute reenacted per art. III, § 36 of the Texas Constitution generally is not considered when attempting to harmonize the bills, our Court of Criminal Appeals held that there was no irreconcilable conflict between the two bills. *Rhoades v. State*, 934 S.W.2d at 122, *quoting* TEX. GOV'T CODE ANN. § 311.025(b) & (c) (West 2013). No less is true here. Different provisions of the same statute were amended in different ways by the house bills in question. Given that the text of the statute reenacted (per constitutional edict) by the legislature to manifest the changes is not indicative of the legislature's intent, according to § 311.025(c), we find no

irreconcilable conflict between House Bills 8, 956, 716, and 887.

Nor is appellant's reference to S.B.1969, which was passed during the 2009 legislative session, of consequence. Admittedly, in attempting to comply with article III, § 36 of the Constitution, the legislature "reenacted" art. 12.01. The "reenactment" indicated that the crime of indecency with a child had a limitations period of both "no limitations" and 10 years from the victim's 18th birthday. Yet, as acknowledged in appellant's brief, the Bill also specified that the bill involved "nonsubstantive additions to and corrections in enacted codes...." Assigning a "no limitations" period for the first time, as appellant suggests S.B.1969 did, would constitute a substantive change. Furthermore, we cannot forget that the text of the "reenacted" statute "does not indicate legislative intent that the reenacted text prevail over changes in the same text made by another amendment, regardless of the relative dates of enactment." TEX. GOV'T CODE ANN. § 311.025(c). So, the text of the "reenactment" of art. 12.01 in S.B.1969 is not indicative of what the legislature intended via other amendments (such as those in H.B. 8 or the 2007 session) regardless of when the other amendments (such as those in H.B. 8) were enacted.

In sum, that portion of art. 12.01 that assigns no limitations period to the crime of indecency with a child applies to the criminal prosecution of appellant. The trial court so held, and we find no error in that decision.

*3 Accordingly, we affirm the trial court's denial of applicant's pre-trial writ of habeas corpus.

**All Citations**

Not Reported in S.W.3d, 2015 WL 6522868

Footnotes

1    The State questioned whether a pretrial application for writ of habeas corpus is the appropriate vehicle for attempting to bar a criminal prosecution due to the lapse of a limitations period. In its view, the matter should have been broached through a motion to quash the indictment or to dismiss. Yet, because the trial court acted upon the application, its ultimate decision is susceptible to immediate appeal. *Ex parte McCollough*, 966 S.W.2d 529, 531 (Tex.Crim.App.1998) (stating that "[c]ertain claims may not be cognizable on habeas corpus, i.e., they may not be proper grounds for habeas corpus relief. However, if the district court denies relief, regardless of the underlying claims for the relief sought, the applicant may appeal"). Thus, we need not address the State's contention.

2    We note that the bills were included in the clerk's record. Yet, seldom did appellant cite to that record to facilitate our search for them.

End of Document                                                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX B

SB 1969 PAGES 52-56

Sec. 155.005. AUTHORITY OF COURT. Each court participating in settlement weeks under this chapter shall have the authority to make orders needed, consistent with existing law, to implement settlement weeks and ensure any party's good faith participation.

SECTION 5.010. Section 155.006, Civil Practice and Remedies Code, is amended to add a heading to read as follows:

Sec. 155.006. FUNDING; COOPERATION WITH OTHER ORGANIZATIONS. The administrative judge may use any available funding from funds regularly used for court administration to carry out the purpose and intent of this chapter. The administrative judge shall cooperate with the director of any established mediation or alternative dispute resolution center, the local bar, and other organizations to encourage participation and to develop public awareness of settlement weeks.

ARTICLE 6. CHANGES RELATING TO CODE OF CRIMINAL PROCEDURE

SECTION 6.001. Article 12.01, Code of Criminal Procedure, as amended by Chapters 285 (H.B. 716), 593 (H.B. 8), 640 (H.B. 887), and 841 (H.B. 959), Acts of the 80th Legislature, Regular Session, 2007, is reenacted and amended to read as follows:

Art. 12.01. FELONIES. Except as provided in Article

12.03, felony indictments may be presented within these limits, and not afterward:

(1) no limitation:

(A) murder and manslaughter;

(B) sexual assault under Section 22.011(a)(2), Penal Code, or aggravated sexual assault under Section 22.021(a)(1)(B), Penal Code;

(C) sexual assault, if during the investigation of the offense biological matter is collected and subjected to forensic DNA testing and the testing results show that the matter does not match the victim or any other person whose identity is readily ascertained;

(D) continuous sexual abuse of young child or children under Section 21.02, Penal Code;

(E) indecency with a child under Section 21.11, Penal Code; or

(F) an offense involving leaving the scene of an accident under Section 550.021, Transportation Code, if the accident resulted in the death of a person;

(2) ten years from the date of the commission of the offense:

(A) theft of any estate, real, personal or mixed, by an executor, administrator, guardian or trustee, with intent to defraud any creditor, heir, legatee, ward,

distributee, beneficiary or settlor of a trust interested in such estate;

(B) theft by a public servant of government property over which he exercises control in his official capacity;

(C) forgery or the uttering, using or passing of forged instruments;

(D) injury to an elderly or disabled individual punishable as a felony of the first degree under Section 22.04, Penal Code;

(E) sexual assault, except as provided by Subdivision (1) [or (5)]; or

(F) arson;

(3) seven years from the date of the commission of the offense:

(A) misapplication of fiduciary property or property of a financial institution;

(B) securing execution of document by deception;

(C) a violation under Sections 162.403(22)-(39), Tax Code;

(D) false statement to obtain property or credit under Section 32.32, Penal Code;

(E) money laundering;

(F) [(D)] credit card or debit card abuse under Section 32.31, Penal Code; or

(G) [(F)] fraudulent use or possession of identifying information under Section 32.51, Penal Code;

(4) five years from the date of the commission of the offense:

(A) theft or robbery;

(B) except as provided by Subdivision (5), kidnapping or burglary;

(C) injury to an elderly or disabled individual that is not punishable as a felony of the first degree under Section 22.04, Penal Code;

(D) abandoning or endangering a child; or

(E) insurance fraud;

(5) if the investigation of the offense shows that the victim is younger than 17 years of age at the time the offense is committed, 20 years from the 18th birthday of the victim of one of the following offenses:

(A) sexual performance by a child under Section 43.25, Penal Code;

(B) aggravated kidnapping under Section 20.04(a)(4), Penal Code, if the defendant committed the offense with the intent to violate or abuse the victim sexually; or